SMITH, Justice:
Lynch C. Hogan, alias Lynch Jack Hogan, was tried and convicted in the Circuit Court of Rankin County for the unlawful possession of drugs, consisting of 8,823 amphetamine pills. He was sentenced to serve a term of 5 years in the penitentiary and to pay a fine of $500. From that conviction and sentence he has appealed.
The incident which led to Hogan’s arrest occurred in the afternoon, during the heavy 5:00 o’clock traffic, on U.S. Highway 80, immediately east of the city limits of Jackson in Rankin County.
An officer of the Mississippi Highway Safety Patrol noticed an automobile as it made a U-turn from an outside lane. He kept it under observation as it proceeded erratically, crossing and recrossing the cen-terline, running all the way off the pavement onto the shoulder and back again. Because of heavy intervening traffic this officer, doubting that he would be able to overtake the automobile himself, radioed for assistance. Two officers in the vicinity received the call. However, as it turned out, the first officer was able to stop the car. It was being driven by Hogan.
This officer approached the car and asked to examine Hogan’s drivers license. In the ensuing conversation the officer detected a distinct odor of liquor emanating from Hogan and noted that Hogan’s speech was impaired or “blurred” and that he “mumbled.” These circumstances, coupled with the erratic and reckless manner of driving which he had just witnessed, convinced the officer, not unreasonably, that Hogan was under the influence of intoxicants. Hogan was placed under arrest for driving while under the influence of intoxicants and for having made an “improper turn.”
Almost immediately afterward the two officers arrived who had received the radio call for assistance. Hogan was handcuffed, removed from the automobile and the automobile was searched. A loaded pistol was found, in the glove compartment, the officers said, on the seat according to Hogan. A second pistol, a small but fully loaded double barrel derringer, which Hogan had in his hip pocket, was not discovered at that time and was removed at the sheriff’s office where Hogan was taken for lodgment in jail.
Lying on the back seat of Hogan’s automobile was what is variously described as a briefcase, hatbox or suitcase. It was opened by the officers in the course of their search of the car and was found to contain the 8,823 amphetamine pills, for the unlawful possession of which Hogan was convicted.
On appeal it is argued on behalf of appellant, (1) the arrest was illegal, and (2) if the arrest was not illegal nevertheless the search of the briefcase constituted an “unreasonable search,” within the meaning of the Mississippi and United States Constitutions, rendering the evidence obtained thereby inadmissible.
Under the circumstances in evidence, the stopping of Hogan’s automobile and his arrest were lawful. Watts v. State, 196 So.2d 79 (Miss.1967); Barrett v. State, 219 So.2d 163 (Miss.1969).
Operating a motor vehicle on a public highway while under the influence of intoxicants, although classified as a misdemeanor, differs in essential particulars from the usual “traffic violation.” Apart from the mortal danger to which it exposes others, the offender may not be given a “ticket,” and sent on his way. He must be detained and may not be allowed to drive away in his automobile. By force of circumstances possession must be taken by the officers of the automobile itself for the time being. It must be driven from the scene of the arrest, often with the offender as a passenger. Moreover, an intoxicated person cannot be treated or dealt with in the same manner as one in normal possession of his faculties. His judgment often is impaired to an extent that the *706 possibility of rash, unreasonable and even violent conduct may not be discounted. An attack upon the officer, entirely without regard to its chances of success, an effort to seize or destroy incriminating evidence, however futile under the circumstances, can never be entirely ruled out.
When the officers arrested Hogan upon finding him in an intoxicated condition, it was not unreasonable to search the interior of the automobile, including the briefcase, which lay upon its rear seat. Watts v. State, supra, and authorities cited in the opinion.
In 79 C.J.S. Searches and Seizures § 68e (1952) appears the following:
No search warrant is necessary in order to search the vehicle in which a person is riding at the time of his arrest for an offense committed in the presence of the officer, including a felony or a misdemeanor; and such a search is not unreasonable under the constitutional guaranty.
Intoxicants are outlawed in Rankin County and there they constitute contraband. The search might have revealed the presence of such intoxicants and this would have been a circumstance supporting the charge against Hogan. It was necessary that the officers take the automobile and its contents temporarily into their charge and to remove them to a place of safety. Under all of the circumstances, search of the automobile, including an examination of the contents of the briefcase, was not unreasonable.
It would border upon the absurd to say that the officers, following the arrest, were required to take into their possession the case filled with contraband drugs, to keep it safely until such time as the offender became sober, and then to return it to him unopened.
It is argued by appellant that, even so, search of the trunk of the car was unreasonable. However, since nothing was found in the trunk it is unnecessary to pass upon that question.
Finally, it it suggested that the arrest of Hogan was merely a pretext and that its real purpose was to enable the officers to search his automobile. This theory is contrary to the evidence. The officer did not know who was driving the automobile until after he had stopped it.
We find no reversible error in the record and the judgment appealed from must be affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.