936 So.2d 400 (2006)
James J. WEIL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02371-COA.
Court of Appeals of Mississippi.
April 18, 2006.
Rehearing Denied August 15, 2006.
*402 Lori Nail Basham, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. A Lee County Circuit Court jury found James J. Weil guilty of Driving Under the Influence (DUI) third offense. He was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections, with two years to serve and two and one-half years suspended, followed by two and one-half years of post-release supervision. Aggrieved, Weil raises the following issues on appeal:

I. Whether the trial court improperly denied the Appellant's motion for a JNOV, or alternatively for a new trial in that the verdict of the jury was contrary to the law and to the overwhelming weight of the evidence.

II. Whether the trial court erred in failing to suppress Appellant's statement to the police.
III. Whether the trial court erred in refusing jury instruction D-5.

FACTS
¶ 2. On the evening of March 31, 2004, the Tupelo Police Department set up a driver's license checkpoint on Blair Street. At 11:00 p.m., Weil encountered the checkpoint. As Officer Joe Sturm approached Weil's vehicle, Weil sped off. Sturm jumped in his vehicle and chased Weil about a quarter of a mile down the road where Weil stopped his car. When Officer Sturm approached Weil's vehicle, the windows were down and Sturm smelled burnt marijuana. Sturm asked Weil to step out of the vehicle, and placed him under arrest for failing to yield to the officer directing traffic. Sturm asked Weil if he had consumed any alcohol, and Weil replied that he had consumed four servings of beer. Sturm then asked if he had consumed any marijuana, to which Weil replied, "not a whole lot." Sturm observed that Weil had poor balance, bloodshot eyes, slurred *403 speech, and dilated pupils. Sturm testified that he did not perform a field sobriety test due to his concern for Weil's safety. Instead, Sturm administered an Intoxilizer test in which it was determined that Weil had a blood-alcohol content of .047, well under the legal limit. Based upon his observation of Weil and the smell of marijuana emanating from the car, Sturm additionally placed him under arrest for "DUI other."

ISSUES AND ANALYSIS

I. Whether the trial court improperly denied the Appellant's motion for a JNOV, or alternatively for a new trial in that the verdict of the jury was contrary to the law and to the overwhelming weight of the evidence.
¶ 3. Weil argues that the verdict was both legally insufficient and against the overwhelming weight of the evidence because the evidence at trial focused on Weil's alcohol consumption, rather than marijuana or other intoxicating substance consumption. In reviewing a challenge of legal sufficiency, this Court must determine whether any rational juror could have found that the State proved each and every element of the crime charged beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In reviewing a claim that the verdict was against the overwhelming weight of the evidence, this Court will only reverse a conviction if allowing it to stand would sanction an unconscionable injustice. Bush, 895 So.2d at 844 (¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). Further, "the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." Id. (citing Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)).
¶ 4. Weil was found guilty of DUI third offense. He was specifically charged with violating Mississippi Code Annotated § 63-11-30(1)(b)(Rev.2004). The elements of this crime are (1) operating a motor vehicle (2) while under the influence of any substance other than alcohol (3) which has impaired the driver's ability to operate a motor vehicle. Miss.Code Ann. § 63-11-30(1)(b). Additionally, because it was charged as a third offense, the State was required to prove that Weil had twice previously been convicted of driving under the influence within the last five years preceding the current charge. Miss.Code Ann. § 63-11-30(2)(c)(Rev.2004). The defense conceded that Weil had been twice convicted of DUI within the last five years.
¶ 5. The first element of § 63-11-30(1)(b), operating a motor vehicle, is not in dispute. Weil attacks the second element of the offense, being under the influence of a substance other than alcohol. Officer Sturm testified that he smelled a strong odor of burnt marijuana coming from Weil's vehicle. He also testified that Weil had poor balance, bloodshot eyes, slurred speech, and dilated pupils, which Sturm opined were consistent with signs of someone under the influence of marijuana. Most importantly, Sturm testified that when he asked Weil if he had been smoking marijuana that evening, Weil indicated that he had smoked a small amount. Officer Jason Brockman, who assisted Sturm with the arrest, also testified that he smelled a strong odor of marijuana emerging from the vehicle. He also observed that Weil had a difficult time standing and balancing. Additionally, both officers testified as to their training at the regional counter drug training academy and other programs in which they were trained to recognize the signs of intoxication from *404 alcohol and narcotic drugs. Both officers testified that, based on their training and experience, they believed that Weil was under the influence of marijuana. We find that a rational juror could have found that the State proved the second element of the offense beyond a reasonable doubt.
¶ 6. Regarding the third element of DUI other, no direct evidence was presented as to Weil's driving ability being impaired. However, in reviewing a challenge to legal sufficiency, the State is given the benefit of all reasonable inferences that may be drawn from the evidence presented to the jury. Jerninghan v. State, 910 So.2d 748, 751 (¶ 6) (Miss.Ct.App.2005) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). Officer Sturm testified that when he approached Weil's vehicle at the checkpoint, Weil sped off. From this, a reasonable inference can be made that Weil's judgment was impaired and thus his driving ability was also impaired. We also find that a reasonable juror could have inferred from the testimony of the officers regarding Weil's poor balance, bloodshot eyes, slurred speech, and dilated pupils that his driving ability was impaired. Additionally, we do not find that the verdict in this case preponderates heavily against the evidence.

II. Whether the trial court erred in failing to suppress Appellant's statement to the police.
¶ 7. According to Officer Sturm's testimony, after Sturm advised Weil that he was under arrest for DUI, Weil told the officer that he recognized that "he had a problem," and asked if he sought rehabilitation would Sturm "dismiss the charges or help him out in court at a later date." Weil claims that the trial court erred in failing to suppress this statement as an offer to compromise under Mississippi Rules of Evidence Rule 408.
¶ 8. This Court reviews challenges to the admissibility of evidence under an abuse of discretion standard. Shaw v. State, 915 So.2d 442, 445 (¶ 8) (citing Jefferson v. State, 818 So.2d 1099, 1104 (¶ 6) (Miss.2002)). Mississippi Rules of Evidence Rule 408 states in pertinent part,
Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.
¶ 9. Weil's argument fails because Rule 408 necessarily contemplates situations in which an offer of compromise is made to or by one who has the authority to compromise the claim or charge in question. Sturm, a law enforcement agent, personally observed Weil committing the felony of DUI third offense and executed his duty to take the offender into custody. Sturm had no authority to negotiate the charge against Weil. Therefore, this issue lacks merit.

III. Whether the trial court erred in refusing jury instruction D-5.
¶ 10. Weil submitted the following jury instruction to the trial court which was refused:
The Court instructs the jury that by operating a vehicle on the roadways of the State of Mississippi, the Defendant gave his consent to a chemical test or tests of his breath, blood or urine for the purpose of determining the presence in his body of any other substance that would impair his ability to operate a motor vehicle.
*405 The standard of review regarding jury instructions is as follows,
[T]he instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case. However, the trial judge may also properly refuse the instructions if he finds them to incorrectly state the law or to repeat a theory fairly covered in another instruction or to be without proper foundation in the evidence of the case.
Young v. State, 891 So.2d 813, 820 (¶ 16) (Miss.2005) (citing Howell v. State, 860 So.2d 704, 761 (¶ 203) (Miss.2003)).
¶ 11. Weil claims that the instruction was erroneously refused because it supported his theory of the case, which was that Weil's blood-alcohol content was within the legal limit and he had not ingested any marijuana. The trial court refused the instruction as being an incomplete statement of the law. We agree. Although the implied consent law permits officers with probable cause to have a driver submit to a breath, urine, or blood test, it does not require them to perform each test. Although Weil passed the Intoxilizer test, he admitted to having smoked marijuana and appeared to be under the influence of an intoxicating substance which impaired his driving ability. With the level of proof the officers had, it would have been superfluous to have Weil undergo additional testing. Therefore, we find that this issue also lacks merit.
¶ 12. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF DUI THIRD OFFENSE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO AND ONE-HALF YEARS TO SERVE, TWO AND ONE-HALF YEARS SUSPENDED, AND TWO AND ONE-HALF YEARS POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
[DOCNUM 0127B59E]