IRVING, J.,
for the Court.
¶ 1. Zavien Beal was convicted by the Jefferson County Justice Court of speeding and D.U.I. first offense (other substance) and was sentenced to pay a fine and serve a term of forty-eight hours in jail, with the forty-eight hours suspended upon payment of the fine. Aggrieved, Beal appealed his conviction for D.U.I. first offense to the Jefferson County Circuit Court, which reviewed the case de novo and also found Beal guilty of D.U.I. first offense.[1] Thereafter, Beal appealed to this Court, asserting that insufficient evidence exists to convict him of D.U.I. Finding no error, we affirm.
FACTS
¶ 2. Beal was a student at Alcorn State University in 2005. On November 3, 2005, Beal left school and went to Natchez, Mississippi, some twenty-five miles or so away. After spending some time in Natchez, Beal left to return to Alcorn State when he was stopped by Officer Kenny Tarleton of the Mississippi Highway Safety Patrol. Officer Tarleton stopped Beal because Beal was traveling at eighty-seven miles per hour in a fifty-five-miles-per-hour zone. Officer Tarleton testified that as he approached the vehicle, he smelled a strong odor of burnt marijuana coming from it. Upon reaching the vehicle, Officer Tarleton testified that he observed a green leafy substance that appeared to be marijuana on Beal’s clothing.
¶ 3. Officer Tarleton stated that he then asked Beal why there was marijuana on his clothing. According to Officer Tarle-ton, Beal stated that he had smoked marijuana when he left Alcorn State and had smoked again before departing from Natchez. Officer Tarleton observed that Beal’s eyes “were bloodshot, red and very *256 glazy.” Officer Tarleton also testified that Beal appeared to be very nervous throughout the encounter. Officer Tarleton admitted that he did not perform any field sobriety tests on Beal, nor did he take a sample of blood or urine for testing. Officer Tarleton stated that he did not do these things because Beal freely admitted that he had smoked marijuana before leaving Natchez, which was a relatively short distance away.
¶ 4. By contrast, Beal testified that there was no marijuana on his shirt. Rather, he claimed that there was a printed pattern on the shirt that might have been confusing. Beal admitted that he had smoked marijuana much earlier in the day, but denied that he had told Officer Tarleton that he had smoked marijuana immediately prior to leaving Natchez for school.
¶ 5. What is undisputed is that, during Beal’s stop, Officer Tarleton received a call requesting his assistance at an accident scene. Because Officer Tarleton was apparently the only officer on duty at the time, he issued a citation to Beal and left the scene to respond to the accident. At the circuit court appeal hearing, Officer Tarleton testified that he did not “allow” Beal to leave the scene, although he placed Beal’s keys on the trunk of the car and left the scene. Officer Tarleton testified that the stop was done approximately one hundred yards from the Alcorn State Campus, and further testified that he mentioned this fact to Beal at the scene. After Officer Tarleton left, Beal drove his car to school.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. When reviewing the sufficiency of the evidence supporting a conviction, we look at “whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). When reviewing the decision of a trial judge sitting without a jury, we give the judge “the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Johns v. State, 926 So.2d 188, 202(¶ 70) (Miss.2006) (quoting Chantey Music Pub., Inc. v. Malaco, Inc., 915 So.2d 1052, 1055(¶ 10) (Miss.2005)).
¶ 7. We find that the evidence is sufficient to sustain Beal’s conviction. At the scene, Officer Tarleton observed marijuana on Beal’s clothing, noted that Beal’s eyes were blood-shot, and remarked that Beal appeared to be particularly nervous. Furthermore, Officer Tarleton testified that Beal stated that he had smoked marijuana a short time before the stop. Clearly, this evidence is sufficient to sustain Beal’s conviction. Although Beal testified and gave a different account of events than Officer Tarleton, the court, as the finder of fact, was entitled to believe whatever testimony it found most credible. Curry v. State, 939 So.2d 785, 792(¶ 23) (Miss.2006). The evidence is such that a reasonable fact-finder could have found Beal guilty of first-offense D.U.I., and the court’s findings are supported by the evidence.
¶ 8. That Officer Tarleton allowed Beal to drive from the scene after Tarleton *257 had charged Beal with first-offense D.U.I. does not vitiate the fact that sufficient evidence was presented at trial to under-gird Beal’s conviction for D.U.I. However, we take this opportunity to remind our law enforcement officers that, as announced by the Mississippi Supreme Court, it is improper for an officer to allow a motorist to continue to drive when the officer has determined that the motorist has been driving under the influence:
Operating a motor vehicle on a public highway while under the influence of intoxicants, although classified as a misdemeanor, differs in essential particulars from the usual “traffic violation.” Apart from the mortal danger to which it exposes others, the offender may not be given a “ticket,” and sent on his way. He must be detained and may not be allowed to drive away in his automobile. By force of circumstances possession must be taken by the officers of the automobile itself for the time being.
Hogan v. State, 235 So.2d 704, 705 (Miss.1970), (emphasis added).
¶ 9. As previously stated, regardless of Officer Tarleton’s handling of the situation, the evidence is sufficient to sustain Beal’s conviction. Nothing about the officer’s allowing Beal to drive away from the scene affects whether Beal was actually under the influence when he was stopped initially-
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY OF CONVICTION OF FIRST OFFENSE D.U.I. AND SENTENCE OF FORTY-EIGHT HOURS OF JAIL TIME, SUSPENDED UPON PAYMENT OF A $511.50 FINE, IS AFFIRMED. AT J; COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Beal has never appealed his conviction for speeding.