WALLER, Chief Justice,
for the Court:
¶ 1. Graham Warwick appeals his convict tion for driving under the influence of marijuana, arguing that his conviction is against the weight and sufficiency of the evidence. Finding no error, we affirm:
FACTS & PROCEDURAL HISTORY
¶ 2. On July 16, 2012, at around 6:20 p.m., Officer Tyler Burnell of the Madison Police Department had just completed a traffic stop at the intersection of Highway 463 and Stribling Road and was preparing to drive back to the City of Madison when he observed a four-door car with dark-tinted windows driving by. Officer Bur-nell pulled out behind the vehicle and continued to observe it. At one point, the vehicle weaved over the double yellow line in the center of the road. The vehicle continued to drive eastbound on Highway 463 toward the City of Madison, with Officer Burnell following behind. As the vehicle approached the entrance to the Annan-dale neighborhood, it weaved again within its lane of traffic. ’ After a short time, Officer Burnell noticed that the driver had rolled the vehicle’s front windows down after he had begun following it. When the vehicle made a right turn onto Ingleside Drive, within the Madison city limits, Officer Burnell was able to conclude that the vehicle’s side windows were illegally tinted. At that point, Officer Burnell initiated a traffic stop of the vehicle.
¶ 3. Officer Burnell approached the vehicle and identified the driver by his license as Graham Warwick. Officer Burnell issued Warwick a citation for his illegally tinted windows and then asked him to step out of the vehicle so he could show him how to correct the violation. While discussing the window tint with Warwick, Officer Burnell noticed that Warwick’s eyes were bloodshot. ' Officer Burnell asked Warwick if he was taking any medications, and Warwick responded that he currently was taking medication for attention’ deficit disorder and anxiety. He stated that he carried both medications in his vehicle. Officer Burnell searched the vehicle after receiving Warwick’s consent and located . those medications.
¶ 4. Officer Burnell asked Warwick if he would be willing to undergo a field sobriety test, and Warwick consented. On the date in question, Officer Burnell was certified in Standardized Field Sobriety Testing and Instruction, Advanced Roadside Impaired Driving Enforcement, and Intox- *1071 ilyzer 8000 Operation, and was in the process of completing his field evaluations for Drug Recognition Expert (DRE) certification. Before performing any of,the tests, Warwick affirmed that,, he had no physical impairments that would hinder his ability to complete the tests. ‘First, Officer Bur-nell conducted the Romberg Balance Test, which judges -the subject’s ability to estimate the passage of time. Warwick was three seconds slow in estimating the passage of thirty seconds, and he exhibited eyelid tremors while performing the test. Next, Officer Burnell conducted the horizontal-gaze nystagmus test. Warwick presented no indicators of intoxication during this test. Officer Burnell also conducted the lack-of-convergence test. Warwick’s eyes failed to converge during this test, and Officer Burnell noted that lack of convergence is associated with impairment by depressants, inhalants, dissociative anesthetics, or cannabis. Finally, Officer Bur-nell conducted the walk-and-turn test. During this test, Warwick failed to- walk heel-to-toe at one point and stepped off the line once. . Based on the results of these tests, Officer Burnell concluded that Warwick had been driving under the influence and placed him under arrest.
¶ 5. Officer Burnell transported Warwick to the Madison Police Department, where he underwent a DRE evaluation.[1] Before undergoing the evaluation, Warwick waived his Miranda rights. During the evaluation, Officer Burnell was supervised by Lieutenant Mark Sandridge, a DRE instructor. Warwick initially performed a preliminary breath test, which was negative for alcohol. Officer Burnell then asked Warwick what he had eaten and drunk earlier that day. Warwick responded that he had consumed two energy drinks. Officer Burnell checked Warwick’s pulse and pupil size, noting that Warwick’s pulse was slightly elevated and that his pupil size was normal. Warwick then underwent another series of field sobriety tests. Warwick’s eyes failed to converge again, and his perception of time was slightly slow during the Romberg Balance Test. He performed the finger-to-nose test incorrectly three out of six times, and he missed a heel-to-toe step twice during the walk-and-turn test. Officer Burnell then checked Warwick’s pupil size a second time with a “dark room” test. Warwick’s pupils tested within the normal range under normal light and in the dark, but they “rebounded” after constricting under direct light. Officer Burnell noted that this “rebound dilation” is an indicator of marijuana use. Officer Burnell checked Warwick’s oral and nasal cavities, as well as his pulse and muscle tone. Warwick’s nasal cavities were clear, but his taste buds were raised on the back of his tongue, which, according to Officer Bur-nell, is another indicator, of marijuana use. Warwick’s muscle tone was normal, and his pulse remained slightly elevated.
¶ 6. Based on the results of the DRE evaluation, Officer Burnell reached the conclusion that Warwick was under the influence of marijuana. Warwick refused to submit a urine sample for testing, so Officer Burrell obtained a search warrant and transported Warwick to Crossgates River Oaks Hospital for blood testing. At the hospital, a registered nurse drew two vials of blood from Warwick using the DUI evidence kit provided by the police. Blood tests conducted by the Mississippi Crime Laboratory concluded that Warwick’s blood contained the active metabolite of marijuana in the amount of 2.3 nanograms *1072 per milliliter. Warwick’s blood also tested positive for a normal amount of caffeine.
¶ 7. Warwick was charged with driving under the influence, first offense, in violation of Section 63 — 11—30(1)(d) of the Mississippi Code. In addition, Warwick was charged with having- illegally tinted- or darkened windows, second offense. He was found guilty of these charges on March 7, 2018, in Madison Municipal Court. Warwick timely appealed his case to the Madison County Court, where he received a bench trial.
¶8. At trial, Officer Burnell arid Lieutenant Sandrldge testified concerning their observations of Warwick ori the night of his arrest. They bath offered the opinion that Warwick had been driving under the influence of marijuana. Emily Harper, the forensic toxicologist who conducted Warwick’s blood testing, testified as an expert witness for the State. Harper testified that the euphoric feeling caused by marijuana usually lasts about two hours for a typical user, while the pharmacological effects- — impairment to reaction time, memory, hand-eye coordination, and muscular control — usually last between five and six hours. Harper opined that Warwick’s blood-test results generally would be indicative of marijuana .use three to five hours prior to the sample being taken.
¶ 9. Warwick did not testify in his own defense. The defense called Tony Corrot-to as an expert witness in the areas of field sobriety testing and DRE protocols.[2] Gor-roto is a retired police officer who currently works as an expert witness and legal consultant in the areas of drug recognition and sobriety testing. Corroto reviewed the footage from Officer Burnell’s dashboard' camera which documented, his traffic stop of Warwick. He opined that Warwick did not present any indicators of impaired driving when he was pulled over or during his - initial contact with Officer Burnell. Corroto attributed Warwick’s eyelid tremors to the energy drinks he had consumed earlier in the day,' and he claimed that Warwick had exhibited eyelid tremors after drinking coffee on the morning of trial. Corroto then performed a lack-of-convergence test on Warwick in the courtroom, arid Warwick’s eyes failed to converge. Corroto also testified that the walk-and-turn test could not be used to test for marijuana impairment. Finally, Corroto explained that he believed that Warwick did not have dilated pupils during his DRE evaluation. Based on these factors, Corro-to opined that Officer Burnell should have ended his DUI evaluation of Warwick during the traffic stop because he exhibited no signs of impairment.
¶ 10. At the conclusion Of the trial, the court found Warwick guilty of driving under the influence of marijuana arid driving a vehicle with illegally tinted or darkened windows. For the DUI charge, Warwick was sentenced to forty-eight hours’ imprisonment, with the‘entirety of that period suspended on the condition that he successfully complete two years of probation. He also was ordered to pay a $900 fine, along with court costs,-fees and assesss-ments, and was required to attend the Mississippi Alcohol Safety Education Program. For the window-tinting charge, Warwick was ordered to pay a fine of $200, as well as costs, fees, and assessments.
¶ 11. On appeal, the Madison County Circuit Court affirmed Warwick’s convictions and sentences in all respects. Warwick now appeals to -this Court, arguing *1073 that, his DUI conviction[3] is against, the weight and sufficiency of the evidence.
STANDARD OP REVIEW
If 12. This Court reviews challenges to the legal sufficiency of evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 843 (Miss.2005), This Court “must accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and must disregard evidence favorable to the defendant.” Anderson v. State, 904 So.2d 973, 977 (Miss.2004), If any'reasonable trier of fact could have found the essential elements .of the crime beyond a reasonable doubt, this Court will not disturb the verdict. Bush, 895 So.2d at 843.
¶ 13. In reviewing a challenge to the weight of the evidence, this Court will overturn a verdict only “when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would - sanction an unconscionable injustice.” Id. at 844. As with a review of the. sufficiency of the evidence* this Court must view the evidence in the light most favorable to the verdict, -. Id. If the verdict is against the overwhelming weight of the evidence, the proper remedy is to grant a new trial, but this remedy should be used only in exceptional cases where the evidence “preponderates heavily against the verdict.” *Id,
DISCUSSION
¶ 14. Warwick was convicted of violating Section 6S-ll-80(l)(d) of the Mississippi Code; which provides, “It is unlawful for any person to drive or otherwise operate a vehicle within this state who ,.. is under the influence of any drug or controlled substance, the possession of which is unlawful under- the Mississippi Controlled Substances Law[.]” Miss.Code Ann. § 63-11-30(1)(d) (Rev.2013). The phrase “under the influence” commonly is understood to mean “driving in a state of intoxication that lessens a person’s normal ability for clarity and . control.” Leuer v. City of Flowood, 744 So.2d 266, 269 (Miss.1999). (citing Gov’t of Virgin Islands v. Steven, 134 F.3d 526, 528 (3d Cir.1998)). Warwick’s primary argument on appeal is that the mere presence of marijuana in his bloodstream, where there are no physical manifestations of influence, is insufficient evidence to support a conviction for driving under the influence. Thus, he argues that the tel court erred in .denying his motion for a direct verdict. Alternatively, Warwick claims that his conviction is against the Overwhelming weight of the evidence. ,
¶ 15. We find that the State presented sufficient evidence to prove that Warwick was driving under the influence of marijuana. While Warwick alleges that the State offered no evidence of “physical manifestations of influence,” this argument is without merit. Officer Burnell observed Warwick’s vehicle weave twice before pulling him over. Warwick’s eyes were bloodshot when he exited his vehicle, he failed the laek-of-convergence test, he exhibited eyelid tremors during the Romberg test, and he did not successfully complete the walk-and-turn test or finger-to-nose test. The Court of Appeals has found similar evidence- sufficient to support a finding that the defendant was driving under the influence of marijuana. See Weil v. State, 936 So.2d 400, 402 (Miss.Ct.App.2006) (defendant exhibited' bloodshot eyes, dilated pupils, slurred speech, and poor balance); Beal v. State, 958 So.2d 254, 255 (Miss.Ct.App.2007) (defendant was driving'roughly thirty miles per hour over the speed limit *1074 and exhibited bloodshot eyes). Further, Officer Burnell, who was trained in various field sobriety testing techniques, and Lieutenant Sandridge, a certified DRE instructor, offered the opinion that he had been driving under the influence of marijuana. Lieutenant Sandridge testified that Warwick exhibited twelve indicators that he was under the influence of marijuana while undergoing the DRE evaluation. Finally, Harper testified that Warwick’s blood tested positive for the active metabolite of marijuana, meaning that the drug would have had an impairing effect on Warwick when he was pulled over. This evidence, viewed in the-light most favorable to the State, is sufficient for “any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]” Bush, 895 So.2d at 843.
¶ 16. We also find that Warwick’s conviction was not against the weight of the evidence. Warwick argues that the State’s evidence was substantially contradicted by Corroto’s opinion that his bloodshot eyes, eyelid- tremors, and lack of convergence could' have been caused by his prescription medication or the energy drinks he had consumed, rather than marijuana. He argues that .this opinion was more credible than those offered by the State, because the State failed to present any evidence that he. recently had possessed or consumed marijuana. These arguments are without merit, as the.fact-finder — in this case, the trial court — is the sole judge of witness credibility. Harris v. State, 970 So.2d 151, 157 (Miss.2007). Where the trial court resolves conflicting evidence in making a finding of fact, this Court generally must affirm. Stokes v. State, 548 So.2d 118, 122 (Miss.1989). Officer Burnell and Lieutenant Sandridge presented detailed testimony supporting their opinions that Warwick had been driving under the influence of marijuana, and these opinions ultimately were corroborated by Warwick’s blood tests. We find that allowing Warwick’s conviction to stand would not “sanction an inconscionable injustice.” Bush, 895 So.2d at 843.
CONCLUSION
■ ¶ 17. For the foregoing reasons, we affirm Warwick’s convictions and sentences.
¶ 18. CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, IN CAUSE NUMBER CO-2013-0006, AND CONVICTION OF TINTED WINDOWS, SECOND OFFENSE, IN CAUSE NUMBER CO-2013-0007 AND SENTENCE OF FORTY-EIGHT (48) HOURS IN THE CUSTODY OF THE SHERIFF OF MADISON COUNTY, WITH SENTENCE STAYED AND SUSPENDED FOR A PERIOD OF TWO (2) YEARS UNLESS SOONER INVOKED, WITH CONDITIONS, AFFIRMED. APPELLANT SHALL PAY A FINE IN THE AMOUNT OF $900 AND A FINE IN THE AMOUNT OF $200 TO BE PAID ON OR BEFORE OCTOBER 24, 2013. APPELLANT SHALL PAY COURT COSTS, FEES AND ASSESSMENTS ON OR BEFORE OCTOBER 24, 2013. ALL PAYMENT OF FINES; COURT COSTS; FEES AND ASSESSMENTS ARE TO BE MADE A SPECIAL CONDITION OF PROBATION.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, PIERCE, KING AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. A DRE evaluation is a standardized method of DUI examination that uses twelve distinct criteria to determine whether the subject is impaired, whether the impairment was caused by drugs, and what category or combination of drugs caused the impairment.

. The trial court declined to accept Corroto as an expert on the effects of alcohol and drugs on the human body.

. Warwick does not appeal his window-tinting conviction.