# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-KM-01350-COA

**AMOS DEVONTE BRIGGS**                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2020 |
| TRIAL JUDGE: | HON. DEBRA W. BLACKWELL |
| COURT FROM WHICH APPEALED: | FRANKLIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NELSON SHANE ESTESS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARY KATHRYN WILLIAMSON |
| DISTRICT ATTORNEY: | SHAMECA COLLINS |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 05/03/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     The Franklin County Justice Court convicted Amos Devonte Briggs of driving under the influence of marijuana (first offense) and simple possession of marijuana in a motor vehicle.  Briggs appealed his conviction to the Franklin County Circuit Court for a trial de novo.  Following a bench trial in the circuit court, Briggs was convicted of first-offense driving under the influence of marijuana.

¶2.     Briggs now appeals his conviction, arguing that the State failed to present sufficient evidence to prove the elements of the charged offense and that the verdict was against the overwhelming weight of the evidence.  Finding no error, we affirm Briggs's conviction.

**FACTS**

¶3.     On the evening of November 16, 2018, Briggs was driving in Franklin County, Mississippi, when he encountered a driver's license safety checkpoint. Briggs's girlfriend, Calisha Johnson, was in the passenger seat of the car.

¶4.     Trooper Marcus Fisher with the Mississippi Highway Patrol was conducting the checkpoint. Trooper Fisher testified that when Briggs arrived at the checkpoint and rolled down the car window, Trooper Fisher "could smell a strong odor of marijuana coming from inside of the vehicle." He also observed that Briggs "had watery and bloodshot eyes." Trooper Fisher asked Briggs to pull the car over to the side of the road and exit the vehicle. Briggs exited the car and walked to the rear of the vehicle. Trooper Fisher testified that he observed Briggs swaying from side to side as he walked to the rear of the vehicle. Trooper Fisher then observed that Briggs had the same strong odor of marijuana on his breath and on his person. Trooper Fisher asked Briggs if he had smoked any marijuana, and according to Trooper Fisher, Briggs responded "yes" and explained that he had smoked one blunt an hour ago. Trooper Fisher testified that Briggs also admitted to him there was marijuana in the vehicle. Briggs allowed Trooper Fisher to search the vehicle. Trooper Fisher testified that he found a jar of marijuana under the driver's seat and a bag of marijuana in Briggs's pants pocket.

¶5.     Briggs was charged with first-offense driving under the influence (other substance) in violation of Mississippi Code Annotated section 63-11-30(1)(c) (Supp. 2017), which

prohibits the operation of a motor vehicle while "under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law." Briggs was also charged with possession of marijuana in an amount less than thirty grams.

¶6. After a trial, the justice court found Briggs guilty of first-offense driving under the influence of marijuana and simple possession of marijuana. Briggs appealed to the circuit court, seeking a trial de novo.

¶7. On September 19, 2020, the circuit court held a bench trial. At trial, the circuit court heard testimony from Trooper Fisher; Calisha Johnson, the passenger in the vehicle with Briggs; and Ladarius Crumedy, Briggs's brother. Briggs also testified in his own defense.

¶8. At trial, Trooper Fisher testified regarding his observations of Briggs during the checkpoint, including that he smelled marijuana in the vehicle and on Briggs; that Briggs had watery and bloodshot eyes; that Briggs swayed as he walked to the rear of the vehicle; and that Briggs admitted that he had recently smoked marijuana. Trooper Fisher admitted that he did not conduct a field sobriety test on Briggs, nor did he conduct a urinalysis or blood test. Trooper Fisher also admitted that due to the nature of the checkpoint, Briggs was driving slowly, and Trooper Fisher did not have the opportunity to observe Briggs operating the vehicle for long. Trooper Fisher testified that he did not possess any test results from the Mississippi Crime Laboratory indicating that the substance recovered from Briggs's pocket and the vehicle was marijuana. However, Trooper Fisher testified that based on his twenty

3

years of experience in law enforcement, he knew "for a fact" that it was marijuana.

¶9. At the close of Trooper Fisher's testimony, the State rested. Briggs moved for a directed verdict, arguing that the evidence and testimony presented by the State failed to support a conviction of driving under the influence or possession of marijuana. After hearing arguments from the parties, the circuit court denied Briggs's motion for a directed verdict.

¶10. The circuit court then heard testimony from Johnson. Johnson testified that the vehicle belonged to her grandmother and that Johnson often let Briggs and his brother drive the vehicle. Johnson stated that while she and Briggs were stopped at the checkpoint, Trooper Fisher commented that he smelled marijuana in the vehicle. Johnson denied smelling any marijuana in the vehicle. Johnson testified that she did not remember Briggs telling Trooper Fisher that he had smoked marijuana; rather, she claimed that Briggs simply stated that he "had smoked" because Briggs smokes cigarettes. Johnson stated that Briggs requested a breathalyzer test, and Trooper Fisher just laughed in response. Johnson testified that she had been with Briggs for a few hours prior to the checkpoint, and during that time, she did not see Briggs ingest any substance that would impair his ability to drive a vehicle.

¶11. Crumedy, Briggs's brother, testified that the marijuana under the seat of the vehicle and the marijuana in Briggs's pants pocket belonged to Crumedy. He explained that he previously had driven the vehicle and left a jar of marijuana under the seat. Crumedy also testified that Briggs had borrowed a pair of pants from him to wear that day, and Crumedy forgot that he had placed marijuana in the pocket of the pants. Crumedy testified that he had

4

never seen Briggs smoke marijuana.

¶12.   Briggs testified in his own defense.  Briggs stated that on November 16, 2018, he and Johnson decided to attend a football game.  Briggs was wearing gym shorts at the time, so he borrowed a pair of pants from Crumedy.  Briggs testified that as he was driving, he saw the checkpoint from approximately sixty yards away.  Briggs denied knowing about the marijuana in the vehicle, explaining that if he had known that marijuana was in the vehicle or in the pocket of his pants, he would have had enough time to throw it out before reaching the checkpoint.  Briggs testified that at the checkpoint, Trooper Fisher stated that he smelled marijuana and accused Briggs of having smoked.  Briggs denied smoking any marijuana.  Briggs also testified that he never told Trooper Fisher that he had smoked marijuana that day.  Briggs allowed Trooper Fisher to search the car, and when Trooper Fisher discovered the marijuana in the vehicle and in Briggs's pants, he explained to Trooper Fisher that it did not belong to him.

¶13.   After considering the testimony and evidence, the circuit court found Briggs guilty of first-offense driving under the influence of marijuana, and the court found him not guilty of simple possession of marijuana.  The circuit court sentenced Briggs to spend forty-eight hours in jail but suspended the sentence and ordered Briggs to pay a $1,000 fine and complete the Mississippi Alcohol Safety Administration Education Program class.  The circuit court also suspended Briggs's commercial driver's license for one year.

¶14.   Briggs filed a motion for a new trial or, in the alternative, a motion for judgment

5

notwithstanding the verdict (JNOV). In his motion, Briggs argued that the verdict was against the overwhelming weight of the credible evidence; that the State failed to meet its burden of proof; and that the circuit court's decision to deny Briggs's motion for a directed verdict was against the overwhelming weight of the evidence.

¶15. The circuit court entered an order denying Briggs's motion. In its order, the circuit court found that the State "clearly proved beyond a reasonable doubt" that Briggs was guilty of driving under the influence of marijuana, explaining:

> The State presented testimony and evidence which showed that the odor of marijuana was present in/near the defendant's vehicle; the odor of marijuana was present on the defendant's breath; the defendant's eyes were bloodshot and watery; the defendant was swaying side to side while standing/moving; a substance that the defendant and a witness of the defendant admitted was marijuana was found under the defendant's seat; and the defendant admitted on the scene that he had smoked marijuana earlier that day.

¶16. Briggs now appeals.

## STANDARD OF REVIEW

¶17. When reviewing a bench trial, we will affirm a circuit court's decision "where substantial, credible, and reasonable evidence supports the decision." *Parish v. State*, 176 So. 3d 781, 785 (¶13) (Miss. 2015). "In a bench trial, the trial judge is the jury for all purposes of resolving issues of fact." *Lindley v. State*, 143 So. 3d 654, 657 (¶11) (Miss. Ct. App. 2014). On appeal, we "will reverse only where the findings of the trial judge are manifestly erroneous or clearly wrong." *Sendelweck v. State*, 101 So. 3d 734, 739 (¶19) (Miss. Ct. App. 2012).

6

**DISCUSSION**

¶18.    Briggs argues that the evidence is insufficient to support his conviction for driving under the influence of marijuana. He also argues that the verdict is against the overwhelming weight of the evidence.

¶19.    Briggs filed a motion for a JNOV, which the circuit court denied. "A JNOV motion challenges the legal sufficiency of the evidence." *Valentine v. State*, 322 So. 3d 417, 422 (¶15) (Miss. 2021). When reviewing the denial of a JNOV motion, "we view all evidence, including all reasonable inferences, in the light most favorable to the State." *Id*. "We will affirm the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (internal quotation marks omitted). "The issue on appeal is not whether the reviewing court would have found the defendant guilty; rather, the conviction must be affirmed if there was sufficient evidence for any rational trier of fact to have rendered a guilty verdict." *Baughman v. State*, 294 So. 3d 108, 113 (¶20) (Miss. Ct. App. 2020) (internal quotation marks omitted).

¶20.    Briggs was charged with operating a motor vehicle while "under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law," in violation of section 63-11-30(1)(c). Briggs argues that the State failed to present sufficient evidence to show that he was under the influence of an illegal substance, which is an essential element of the crime.

¶21.    In reviewing the evidence, the trial transcript shows that Trooper Fisher testified that

7

while Briggs was stopped at the checkpoint, Trooper Fisher could smell "a strong odor of marijuana" coming from Briggs's vehicle. Trooper Fisher also observed that Briggs's eyes were "watery and bloodshot." Trooper Fisher testified that as Briggs exited the car and walked to the rear of the vehicle, he observed Briggs swaying from side to side. Trooper Fisher also testified that once Briggs was out of the car, he still smelled "the same strong odor of marijuana" on Briggs's breath and person. Trooper Fisher stated that when he asked Briggs if he had smoked any marijuana, Briggs responded "yes" and explained that he had smoked one blunt an hour ago. Briggs also testified, and he denied smoking any marijuana. Briggs further denied that he told Trooper Fisher that he had smoked marijuana that day. Johnson and Crumedy also testified that Briggs had not smoked marijuana that day.

¶22. In *Beal v. State*, 958 So. 2d 254, 255 (¶1) (Miss. Ct. App. 2007), the defendant challenged the legal sufficiency of his conviction for driving under the influence of marijuana. In that case, a police officer testified at trial that he "observed marijuana on [the defendant's] clothing, noted that [the defendant's] eyes were blood-shot, and remarked that [the defendant] appeared to be particularly nervous." *Id*. at 256 (¶7). The police officer also "testified that [the defendant] stated that he had smoked marijuana a short time before the stop." *Id*. Upon review, this Court determined that "[c]learly, this evidence is sufficient to sustain Beal's conviction." *Id*. In so finding, this Court acknowledged that "[the defendant] testified and gave a different account of events" than the police officer. *Id*. However, this Court recognized that "the [circuit] court, as the finder of fact, was entitled to believe

8

whatever testimony it found most credible." *Id*.; *accord Baughman*, 294 So. 3d at 113 (¶22) (finding that the State presented sufficient evidence to sustain the defendant's conviction for driving under the influence of marijuana despite no blood or urine tests and recognizing that "this Court has affirmed DUI convictions where blood and urine testing was not done").

¶23.    In this case, the circuit court, as the fact-finder, "is the sole judge of witness credibility." *Warwick v. State*, 179 So. 3d 1069, 1074 (¶16) (Miss. 2015).  "Where the [circuit] court resolves conflicting evidence in making a finding of fact, this Court generally must affirm." *Id*.

¶24.    Briggs further argues that the State failed to prove that he was "influenced" by marijuana while driving.  Briggs asserts that Trooper Fisher testified that he never saw Briggs operate the car other than pulling the car to the side of the road.  As the State points out, there is no required element under section 63-11-30(1)(c) that Trooper Fisher had to see actual impaired driving by Briggs.  Rather, the State must show that Briggs was under the influence of marijuana while operating a vehicle.  *See* Miss. Code Ann. § 63-11-30(1)(c).

¶25.    In *Weil v. State*, 936 So. 2d 400, 404 (¶6) (Miss. Ct. App. 2006), this Court reviewed a defendant's conviction for driving under the influence of marijuana and acknowledged that "no direct evidence was presented as to [the defendant's] driving ability being impaired." *Id*.  However, in reviewing the legal sufficiency of the evidence, this Court found that "a reasonable juror could have inferred from the testimony of the [police] officer[] regarding [the defendant's] poor balance, bloodshot eyes, slurred speech, and dilated pupils that his

driving ability was impaired." *Id*. Similarly, in the case before us, we find that "a reasonable juror could have inferred" from Trooper Fisher's testimony regarding Briggs's poor balance as he walked to the rear of his vehicle and Briggs's watery and bloodshot eyes "that his driving ability was impaired." *Id*.

¶26. After our review, we find that the State presented sufficient evidence to prove to the fact-finder beyond a reasonable doubt that Briggs was driving under the influence of marijuana.

¶27. We also find that Briggs's conviction was not against the overwhelming weight of the evidence. Briggs filed a motion for a new trial, which the circuit court denied. "A motion for new trial challenges the weight of the evidence." *Wilson v. State*, 904 So. 2d 987, 994 (¶21) (Miss. 2004). "When reviewing a challenge to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Baughman*, 294 So. 3d at 114 (¶24) (internal quotation marks omitted). "The evidence must be viewed 'in the light most favorable to the verdict, and we must affirm unless the trial court abused its discretion in denying a new trial.'" *Id*.

¶28. Briggs presents the same arguments for his challenge to both the sufficiency and the weight of the evidence. For the reasons stated above, and after viewing the evidence in the light most favorable to the verdict, we do not find that Briggs's conviction was against the overwhelming weight of the evidence or resulted in an unconscionable injustice.

10

¶29. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**