**Nicholas Neal KIDD, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
Appellee.

**No. 2003–CA–000439–DG.**

Court of Appeals of Kentucky.

Aug. 20, 2004.

Case Ordered Published by
Court of Appeals Oct. 1, 2004.

Gregory K. Berry, Glasgow, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, James Havey, Assistant Attorney General, James Havey, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; BUCKINGHAM and TACKETT, Judges.

COMBS, Chief Judge.

Nicholas Kidd (the appellant) has sought discretionary review of an opinion of the Barren Circuit Court, which reversed a judgment notwithstanding the verdict (JNOV) entered by the Barren District Court.

Kidd was arrested and charged with driving under the influence of marijuana (DUI), a violation of KRS[1] 189A.010(1)(c). After a jury found him guilty of the charge, Kidd persuaded the district court that the verdict was not supported by sufficient evidence. The district court set aside the verdict and entered a judgment of acquittal. The Commonwealth appealed, and the Barren Circuit Court reversed the JNOV and remanded the matter to the district court with directions that it reinstate the jury's verdict.

The sole issue for our review is whether the circuit court erred as a matter of law in concluding that the Commonwealth was not required to prove that Kidd was driving erratically in order to satisfy the elements of KRS 189A.010(1)(c). After a review of the DUI statute and the applicable legal precedents, we find no error in the court's decision as to the Commonwealth's burden-of-proof. The court held that when the evidence was construed favorably as to the verdict, a rational trier of fact could have found proof of Kidd's guilt beyond a reasonable doubt. We agree.

The following facts, which we have recited verbatim from the opinion and judgment of the district court, are not in dispute:

On May 15, 2002, in the early hours of the morning, an officer with the Glasgow Police Department observed [Kidd] operating a motor vehicle on a public roadway in Glasgow, Kentucky, with inoperable tail lamps. This officer stopped [Kidd], and, while talking to [Kidd], detected an odor of marijuana coming from the person of [Kidd].

[Kidd] was administered three field sobriety tests (one-leg stand, walk and turn[,] and HGN), and the officer scored all three tests as failed. [Kidd] was arrested and provided the officer with the requested urine sample.

The arresting officer testified, at the trial, that he observed nothing wrong with [Kidd's] driving, and that he stopped [Kidd] only because the tail lamps on his vehicle were not operating. However, the officer did testify that, after [Kidd] had been stopped, he observed that [Kidd's] eyes would not react to light and were blood-shot and glassy; and, [Kidd] had slow and slurred speech.

At the trial, the laboratory expert testified that the drug content of the urine sample received by the Kentucky State Police laboratory contained cannabinoid metabolites. However, the expert also testified that the laboratory test would not reveal how long prior to the taking of the urine sample [Kidd] had used marijuana; and, the fact that the test indicated cannabinoid metabolites meant that the drug had passed through [Kidd's] body. (Later in the trial, [Kidd] admitted that he had smoked marijuana in the morning of the previous day.)

1.  Kentucky Revised Statutes.

The trial (district) court initially denied Kidd's motion for a directed verdict, but it indicated that it would reconsider the motion at a later time. The case was submitted to the jury, which convicted Kidd of DUI and sentenced him to serve forty-eight hours in jail and to pay a fine of $500.

At the sentencing hearing that followed, the court set aside the jury's verdict, granted a judgment notwithstanding the verdict (JNOV), and entered a judgment of acquittal, concluding that the proof required for a DUI arising from drug use differed from that relevant to an alcohol-based DUI. The district court stated that there was no evidence that Kidd's driving "was anything but exemplary" and no evidence that he "was under the influence of anything." It also concluded, *sua sponte,* that it had erred in permitting the arresting officer to testify as to Kidd's appearance at the time of his arrest and to reveal the results of the three field sobriety tests which he had administered to Kidd. Kidd did not seek to exclude this evidence at trial, nor did he object to its introduction. Nevertheless, the district court concluded that it should have conducted a preliminary assessment of this evidence pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), reasoning as follows:

> [t]here was no testimony proving any scientific connection between the results of the field sobriety tests and the appearance of [Kidd] and whether he was under the influence of marijuana or was driving impaired.

The district court ruled that Kidd should receive a new trial in the event that the circuit court might determine that he had not been entitled to the JNOV.

On appeal, the Barren Circuit Court reversed. Holding that field sobriety tests and the observation by a police officer of a person's appearance "have been admissible evidence in Courts of this Commonwealth for decades in DUI cases," the Barren Circuit Court ruled that such evidence had been properly admitted in this case. After reviewing the evidence, the circuit court concluded that it was more than sufficient to support the jury's finding that Kidd had been under the influence of marijuana and that his driving ability had been impaired. Citing *Hayden v. Commonwealth,* Ky. App., 766 S.W.2d 956 (1989), and *Bridges v. Commonwealth,* Ky., 845 S.W.2d 541 (1993), the Court held that KRS 189A.010(1)(c):

> does not require proof of bad driving only proof that the operator was impaired and under the influence of a substance that impairs driving ability. Actual observed driving errors are not required.

The circuit court ordered that Kidd's conviction for DUI be reinstated. His petition for discretionary review followed.

Kidd argues that the circuit court erred in not requiring the Commonwealth to prove that he was actually driving in an impaired manner in order to sustain a conviction for DUI in reference to drug use. Kidd has not cited a single legal precedent for this argument, nor has he attempted to distinguish the cases cited by the trial court as controlling. He contends that when it amended KRS 189A.010(1) in 1991, the Legislature specifically intended to "include the requirement of proving driving impairment" by removing the word *may* from section (c) of the statute. (Appellant's brief, unpaginated p. 6).

KRS 189A.010(1) provides in pertinent part as follows:

> A person shall not operate or be in physical control of a motor vehicle anywhere in this state:
>
> . . .

(b) While under the influence of alcohol;

(c) While under the influence of any other substance or combination of substances which impairs one's driving ability[.] [2]

We agree that in order to establish a violation of KRS 189A.010(1)(c), the Commonwealth was required to prove that Kidd was operating a motor vehicle while under the influence of marijuana to such a degree that his driving ability was impaired. However, the Commonwealth was not restricted to establishing a violation solely by a showing that he had been operating his vehicle in an unsafe manner. As the circuit court correctly concluded, an officer who has observed a defendant's appearance and behavior is competent to express an opinion as to his degree of intoxication and as to his ability to operate a motor vehicle safely. *Hayden, supra* at 957. Evidence that a driver's speech was slurred, that his blood-shot eyes did not react to light, and that he could not perform the simple physical tasks involved in a field sobriety test sufficed to establish that his *ability* to drive was impaired— despite the absence of erratic driving. *Id.* This evidence, coupled with the evidence of marijuana in his urine, was sufficient to sustain the jury's verdict that Kidd was guilty of DUI(marijuana).

Kidd argues that the results of the field sobriety tests should not have been admitted to prove that he was under the influence of marijuana. However, he has failed to discuss the precedents relied upon by the Barren Circuit Court in determining that the evidence had been properly admitted. Additionally, we note that the issue was not properly preserved for our review. He did not make a motion for a *Daubert* hearing nor did he otherwise object to the introduction of the officer's testimony. Accordingly, we decline to address the alleged need for a *Daubert* hearing under these circumstances.

The judgment of the Barren Circuit Court is affirmed.

ALL CONCUR.

2. The version of the statute in effect prior to 1991 provided: "which may impair...."