OPINION
{¶ 1} Plaintiffs-appellants, Ohio Energy Assets, Inc. ("OEA") and Ohio Production Corporation ("OPC"), appeal from a judgment of the Franklin County Court of Common Pleas that granted summary judgment in favor of defendant-appellee, Gail B. Smith. For the following reasons, we reverse and remand this case to the trial court.
 {¶ 2} In 1985, Smith and her now-deceased husband, Robert Smith, entered into a contract whereby they granted to OPC all the oil and gas in and under their land, as well *Page 2 
as the right to drill for that oil and gas. A year later, the Smiths entered into a second contract in which they agreed to allow OPC a right of way so that OPC could bury a pipeline under their property to transport oil and gas. Pursuant to this second contract, OPC installed a transmission line underneath the Smiths' property. OPC also installed a second underground pipeline that connected the Smiths' house to the transmission line, thus supplying the Smiths' house with gas. In the mid-1990's, OPC plugged the Smiths' well, and the Smiths capped the house line. However, OPC continued to transport oil and gas via the transmission line.
 {¶ 3} Both the transmission line and the house line passed underneath a creek that ran though the Smiths' property. In the summer of 2003, Smith hired Jeffrey Doubikin to clear the creek to prevent it from overflowing. Smith knew that the transmission and house lines ran underneath the creek, but forgot to warn Doubikin about the pipelines. Doubikin himself did not do anything to ascertain the location of any underground utility lines in the creek area.
 {¶ 4} In the course of clearing the creek, Doubikin ran over the transmission and house lines with his 26-ton track hoe. Both lines ruptured and emitted oil and gas. OPC quickly shut down the transmission line but, nevertheless, had to conduct an extensive remediation to clear the oil and gas from the area.
 {¶ 5} On August 11, 2005, OPC and its parent company, OEA, filed a negligence suit against Doubikin, Smith, and Doubikin's insurer, Grange Insurance. Smith moved for summary judgment, arguing that she did not owe appellants any duty. Appellants, in turn, moved for partial summary judgment against Smith, arguing that Smith owed them a duty and that she breached her duty when she failed to tell Doubikin about the pipelines. *Page 3 
Finding Smith's argument more persuasive, the trial court granted her motion for summary judgment and denied appellants' motion. On August 28, 2006, the trial court reduced its decision to judgment.
 {¶ 6} Appellants now appeal from the August 28, 2006 final judgment entry and assert the following errors:
 1. The trial court erred when it granted Summary Judgment to Defendant-Appellee Gail M. Smith.
 2. The trial court erred when it denied partial Summary Judgment to Plaintiffs-Appellants Ohio Energy Assets and Ohio Production Corp. on the issue of Smith's liability/duty.
 {¶ 7} By their first assignment of error, appellants argue that Smith owed them a duty to exercise reasonable care with regard to the transmission and house lines, and that the trial court erred by ruling otherwise.
 {¶ 8} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. RelationsBd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 9} In order to establish actionable negligence, a plaintiff must prove the existence of a legal duty, the defendant's breach of the duty, and an injury proximately *Page 4 
caused by the defendant's breach. Wallace v. Ohio Dept. of Commerce,Div. of State Fire Marshal, 96 Ohio St.3d 266, 2002-Ohio-4210, at ¶ 22. The existence of a duty is a question of law, and it depends upon the foreseeability of the injury. Id. at ¶ 22-23. An injury is foreseeable if a reasonable, prudent person would have anticipated that harm was likely to result from the performance or nonperformance of a particular act. Id. at ¶ 23; Mussivand v. David (1989), 45 Ohio St.3d 314, 321.
 {¶ 10} Here, appellants argue that injury to the pipelines was foreseeable once Smith failed to tell Doubikin about their presence under the creek bed. However, appellants' argument ignores the potential existence of Doubikin's duty and how that duty impacts the foreseeability analysis. Ohio common law imposes an affirmative, non-delegable duty upon one excavating below ground to inform himself about the location of underground utility lines so that he can avoid damaging them. Ohio Gas Co. v. Blaze Bldg. Corp., Williams App. No. WM-03-019, 2004-Ohio-2881, at ¶ 11; Northeast Ohio Natural Gas Corp. v.Stout Excavating, Inc., 156 Ohio App.3d 144, 2004-Ohio-600, at ¶ 7;Ohio Edison Co. v. Wartko Constr. (1995), 103 Ohio App.3d 177, 180. A reasonable, prudent person in Smith's position could rightfully assume that an excavator would observe the law and exercise ordinary care in carrying out his duty. Swoboda v. Brown (1935), 129 Ohio St. 512, 524
("No fault may be ascribed to failure to anticipate the negligence of another. On the contrary, one may rightfully assume the observance of the law and the exercise of ordinary care by others until the contrary is made to appear.").
 {¶ 11} Given the requirements of an excavator's duty, a reasonable, prudent person would not anticipate that Smith's silence was likely to lead to injury to the pipelines. Instead, that reasonable, prudent person would expect that the excavator's *Page 5 
performance of his duty would prevent any such injury. In the absence of a foreseeable injury, Smith would owe no duty to appellants.
 {¶ 12} This conclusion, however, turns upon whether or not Doubikin was an excavator, i.e., whether he excavated below ground. In his deposition, Doubikin maintained that he merely removed brush from the creek and did not dig into the ground. Smith, on the other hand, testified that Doubikin widened the creek by digging out and removing dirt from the creek bed and creek banks. This conflicting testimony creates a genuine issue of material fact as to whether or not Doubikin excavated below ground.[1] Because a genuine question of material fact remains, we find that the trial court erred in granting summary judgment to Smith.
 {¶ 13} In so finding, we explicitly reject appellants' alternative argument they were invitees to whom Smith owed a duty. A premises owner owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so as not to unnecessarily and unreasonably expose the invitee to danger. Provencher v. Ohio Dept. of Transp.
(1990), 49 Ohio St.3d 265, 266. Invitees "`are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner.'" Id., quoting Light v. OhioUniv. (1986), 28 Ohio St.3d 66, 68 (emphasis added). Here, Doubikin was the only person invited onto Smiths' property and exposed to a danger while there, and thus, any duty arising from premises liability law extends solely to him. Nonetheless, because Smith may owe a duty to appellants based *Page 6 
upon the foreseeability of their injuries, we conclude that summary judgment was inappropriate. Accordingly, we sustain appellants' first assignment of error.
 {¶ 14} As we have sustained appellants' first assignment of error, we find that appellants' second assignment of error is moot.
 {¶ 15} For the foregoing reasons, we sustain appellants' first assignment of error and overrule appellants' second assignment of error as moot. Further, we reverse the judgment of the Franklin County Court of Common Pleas and we remand this case to that court for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
BRYANT and PETREE, JJ., concur.
[1] Contrary to appellants' contention, the definition of "excavation" contained in R.C. 3781.25(H) does not determine whether or not Doubikin was excavating. Pursuant to Ohio common law, if Doubikin excavated below ground, he owes a non-delegable duty to appellants irrespective of any statutory duty. Thus, Smith need only prove the existence of the common law duty in order to avoid owing a duty herself. *Page 1