OPINION
{¶ 1} Defendant-appellant, Albert Dixon, appeals a decision of the Clermont County Municipal Court denying his motion for a new trial. For the reasons stated below, we affirm the decision of the trial court.
 {¶ 2} Appellant was stopped by Trooper Amy Pennington of the Ohio State Highway Patrol on August 26, 2006, for the absence of a front license plate on his motor vehicle. At *Page 2 
trial, Pennington testified that she detected a "moderate" odor of alcohol from the area of appellant upon approaching the vehicle. When Pennington asked appellant if he had been drinking, appellant admitted to having had one beer. Appellant was removed from his vehicle and, during a pat-down for weapons, a small canister of marijuana was discovered on his person. Pennington testified at trial that she did not smell either burnt or raw marijuana on appellant.
 {¶ 3} Pennington administered three field sobriety tests: the one leg stand, the walk-and-turn, and the horizontal gaze nystagmus test. Pennington testified that appellant exhibited four clues on the nystagmus test, two clues on the one leg stand, and three clues on the walk and turn test. Pennington testified that the number of clues exhibited on each of the three tests indicated impairment.
 {¶ 4} Appellant was arrested and his blood alcohol content was measured. On the breathalyzer, the test results indicated a blood alcohol content of .000 percent. Appellant was asked to provide a urine sample, to which he consented. Appellant was cited for operating a motor vehicle under the influence of a drug of abuse in violation of R.C.4511.19(A)(1)(a) based on Pennington's observations of impairment.[1]
The urine sample tested positive for marijuana.[2]
 {¶ 5} Appellant argues in his brief that Pennington's testimony concerning field sobriety tests does not establish impairment due to marijuana because the tests have only been studied in relation to alcohol consumption. We note that the defense at trial failed to *Page 3 
object to Pennington's opinion testimony that the field sobriety tests she performed were effective for the purpose of identifying impairment due to marijuana consumption. Ohio law requires contemporaneous objection to an error. The general rule is that "the failure to interpose a timely objection at a time when the trial court can correct an error constitutes a waiver of any objection to the admissibility of evidence." State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419, ¶ 16.
 {¶ 6} Crim.R. 52(B) provides a necessary exception to the general rule of waiver. It provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, the court "must find error, the error must be plain, which means an obvious defect in trial proceedings, and the error must have affected the defendant's substantial rights." State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419, ¶ 17, citing State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68. This requires a finding that "but for the error, the outcome of the trial clearly would have been different." Davis at ¶ 17, citing State v. Long (1978), 53 Ohio St.2d 91; State v. Hill,92 Ohio St.3d 191, 203, 2001-Ohio-141.
 {¶ 7} In noticing plain error, the first condition that must be met is the existence of error. State v. Hill (2001), 92 Ohio St.3d 191, 200, citing United States v. Olano (1993), 507 U.S. 725, 732, 113 S.Ct. 1770,1776. In the prosecution of impaired driving cases, testimony of the arresting officer regarding the defendant's behavior and appearance is generally permissible as lay witness testimony under Evid.R. 701.See State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 15. Testimony regarding the interpretation of results of field sobriety tests, including the horizontal gaze nystagmus test, is generally permitted by the officer under Evid.R. 701 in prosecution of cases involving driving under the influence of alcohol without separate expert testimony regarding the scientific principles underlying the tests or their validity as long as the proper foundation is laid regarding the officer's training *Page 4 
and ability to administer the test. See State v. Bresson (1990),51 Ohio St.3d 123, 128.
 {¶ 8} With respect to the horizontal gaze nystagmus test, the Ohio Supreme Court has permitted officers to testify without expert testimony because the test "has been shown to be a reliable indicator of BAC levels." Id. The Ohio Supreme Court has stated that, in terms of admitting the testimony under the Rules of Evidence, "[t]he admission of the results of the HGN test is no different from any other field sobriety test, such as finger-to-nose, walk-and-turn, or one-leg stand." We note a distinction between the horizontal gaze nystagmus test and the other field sobriety tests that is particularly relevant in this case. Materials published by the National Highway Traffic Safety Administration indicate that nystagmus would not be present as a result of consumption of marijuana.[3] NHTSA, Drugs and Human PerformanceFact Sheets 11 (2004); see, also, Eugene R. Bertolli, et al., ABehavioral Optometry/Vision Science Perspective on the Horizontal GazeNystagmus Exam for DUI Enforcement, Forensic Examiner 31 (2007). However, performance on other field sobriety tests is known to be affected by marijuana consumption. Drugs and Human Performance FactSheets at 11. Furthermore, this court was unable to locate any information indicating that nystagmus in and of itself has any correlation to motor control, whereas the other psychomotor field sobriety tests admitted in this case directly relate to ability to control the vehicle because they test gross motor control and ability to function under divided attention. As such, we find that it was error for the trial court to admit the results of the horizontal gaze nystagmus test. While the evidence was rationally based on the perception of Pennington, the evidence was not helpful to a clear understanding of her testimony or the determination of a fact in issue, *Page 5 
as required under Evid.R. 701 for the admission of lay testimony. Furthermore, evidence must be both relevant and reliable in order to be admitted at trial. State v. Perry, 129 Ohio Misc.2d 61, 2004-Ohio-7332, ¶ 4-5. This reliability standard is applicable to field sobriety tests. Id. Because the testimony that the horizontal gaze nystagmus test is effective for identifying impairment from marijuana is clearly unreliable, it should not have been admitted at trial.
 {¶ 9} Having found error, we proceed in the plain error analysis. In order to reverse the conviction, we must find, as stated above, that "but for the error, the outcome of the trial clearly would have been different." Davis at ¶ 17. If we are able to determine that the evidence was sufficient without consideration of the improperly admitted evidence, then the improperly admitted evidence was not clearly outcome determinative, see State v. Scott, Franklin App. No. 05AP-1144,2006-Ohio-4981, ¶ 27, and appellant cannot prevail under plain error. Because appellant argues the sufficiency of the evidence and resolution of the sufficiency argument resolves the plain error analysis, we proceed with the assignment of error argued by appellant.
 {¶ 10} Appellant alleges in his sole assignment of error that the state failed to present proof of his guilt beyond a reasonable doubt. The state argues that appellant asserts only a sufficiency argument because, at trial, the defense rested without presenting a case. However, where the state has the burden of proof, the weight and credibility of the evidence presented by the state in its case-in-chief can be challenged in a manifest weight argument. Reviewing his brief, it appears that appellant asserts that the evidence was both insufficient and against the manifest weight. Accordingly, the court will analyze defendant's conviction under both theories.
 {¶ 11} The state argues that appellant waived his sufficiency claim because he failed to make a Crim.R. 29 motion for acquittal. We disagree. The Ohio Supreme Court has ruled *Page 6 
that a plea of "not guilty" preserves the right to object to the sufficiency of the evidence. State v. Carter (1992), 64 Ohio St.3d 218,223; State v. Jones (2001), 91 Ohio St.3d 335, 346.[4] As such, we find that the argument is not waived. Moreover, "`because a conviction based on legally insufficient evidence constitutes a denial of due process,' State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387, a conviction based upon insufficient evidence would almost always amount to plain error." See, e.g., State v. Coe (2003), 153 Ohio App.3d 44,2003-Ohio-2732, ¶ 19. As such, we proceed to address the merits of the claim.
 {¶ 12} The test to be applied by an appellate court in reviewing the sufficiency of the evidence to support a conviction is set forth inState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, as follows:
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 14} In order to convict appellant of operating a motor vehicle under the influence of a drug of abuse, the state was required to prove, beyond a reasonable doubt, that appellant "operate[d] any vehicle" while "under the influence of * * * a drug of abuse." R.C. 4511.19(A)(1)(a). Appellant focuses his arguments on whether the state presented sufficient *Page 7 
evidence to establish that he was "under the influence" of a drug of abuse at the time of the traffic stop that led to his arrest. He argues that because the state did not present expert testimony to correlate the amount of the marijuana metabolite found in appellant's urine with the timing of ingestion or an amount of impairment, the evidence presented by the state was insufficient.
 {¶ 15} In order to prove that appellant was under the influence of a drug of abuse, appellee was required to prove that appellant's "faculties were appreciably impaired" by the consumption of a drug of abuse. State v. Lowman (1992), 82 Ohio App.3d 831, 836. In the prosecution of an offense under this provision, the amount of a substance in the appellant's body is only of secondary interest. SeeCity of Newark v. Lewis (1988), 40 Ohio St.3d 100, 104. "It is the behavior of the defendant which is the crucial issue. * * * The test results, if probative, are merely considered in addition to all other evidence of impaired driving in a prosecution for this offense." Id.
 {¶ 16} Our review of the record indicates that the state presented evidence which, if believed by the trier of fact, was sufficient to support a finding that the state proved the element of impairment by a drug of abuse beyond a reasonable doubt. Appellee presented evidence at trial indicating that Pennington administered three field sobriety tests during the traffic stop. Because we have determined that it was error for the court to adm it the results of the horizontal gaze nystagmus test, we do not consider those results in our analysis. However, Pennington testified that she also administered the one leg stand and the walk and turn field sobriety tests. Appellant stipulated as to Pennington's qualifications to administer the tests. Pennington indicated that appellant exhibited a significant enough number of clues to indicate to her that he was impaired under each test. She testified that the tests were effective for detecting impairment from drugs as well as from alcohol, and NHTSA materials *Page 8 
indicate that the tests are in fact reliable for this purpose.[5]Drugs and Human Performance Fact Sheets at 11. She also testified that appellant had bloodshot eyes. She discovered marijuana on appellant's person during a pat-down. Finally, laboratory results of the urine sample indicate that appellant had consumed marijuana, though no evidence was submitted by the state to correlate the amount of metabolite with timing of ingestion or a level of impairment. However, given the evidence the state did present, evidence on these points is not necessary to meet the state's burden of production. We find sufficient evidence was presented at trial to support appellant's conviction.
 {¶ 17} Having found that the state presented sufficient evidence to meet its burden even without consideration of the results of the horizontal gaze nystagmus test, the trial court's error of permitting Pennington to testify that the horizontal gaze nystagmus test results indicated impairment by a drug of abuse was not outcome determinative. As such, plain error did not result and the error should not be noticed under Crim.R. 52(B). State v. Davis, 2007-Ohio-3419 at ¶ 17.
 {¶ 18} Appellant also argues his conviction is against the manifest weight of the evidence. Weight of the evidence "concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other * * *.'"State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting Black's Law Dictionary (6th Ed.1990) 1433. In reviewing the manifest weight of the evidence to determine whether reversal is warranted, "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at *Page 9 
 {¶ 19} Appellant argues that field sobriety tests are unhelpful in establishing impairment due to use of marijuana. He claims that field sobriety tests have been standardized to detect specific levels of alcohol consumption, and that performance on these tests has not been studied with respect to marijuana consumption. As stated above, we acknowledge that Pennington's testimony with respect to the horizontal gaze nystagmus test cannot be considered reliable or credible. However, Pennington also testified that appellant exhibited a significant number of signs on two other field sobriety tests. NHTSA materials indicate that these field sobriety tests would be affected by marijuana consumption. Drugs and Human Performance Fact Sheets at 11. We find that, along with the other evidence admitted at trial, this constitutes substantial, competent, and credible evidence upon which the trier of fact reasonably could conclude that the state established the element of impairment by a drug of abuse beyond a reasonable doubt. The trier of fact did not clearly lose its way and create a manifest miscarriage of justice.
 {¶ 20} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.
 {¶ 21} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 3719.011(A) states that "drug of abuse," as used in the Revised Code, includes any controlled substance as that term is defined under R.C. 3719.01. R.C. 3719.01(C) states that the term controlled substance includes any drug found in Schedule I. Under R.C. 3719.41, marijuana appears as item 22 under section (C), Hallucinogens, in Schedule I.
[2] At the time of appellant's arrest, the per se levels related to driving under the influence of drugs of abuse under R.C.4511.19(A)(1)(j)(vii) had not yet become law. As such, appellant was prosecuted under former R.C. 4511.19(A)(1)(a) as it was effective at the time of his arrest.
[3] We note that scientific research regarding the effectiveness of using standardized field sobriety tests to detect impairment from marijuana indicates that horizontal gaze nystagmus does in fact result from marijuana consumption, albeit less frequently or less strongly than from alcohol consumption. Con Stough, et al. An Evaluation of theStandardised Field Sobriety Tests for the Detection of ImpairmentAssociated with Cannibis with and without Alcohol 78 (2006). Because the Ohio Supreme Court decisions have specifically addressed and relied on NHTSA materials, we are inclined to accept NHTSA's conclusions for purposes of this opinion. See, e.g., State v. Homan, 89 Ohio St.3d 421,425, 2000-Ohio-212.
[4] This has long been the rule with respect to bench trials in Ohio.See Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163 ("In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all of the evidence"). We note that several districts have recognized that State v. Carter and State v.Jones extended this reasoning to jury trials, as well. See State v.Coe (2003), 153 Ohio App.3d 44, 2007-Ohio-2732, ¶ 19; State v.Schenker, Tuscarawas App. No. 2006AP050027, 2007-Ohio-3732, ¶ 35;State v. Thornton, Summit App. No. 23417, 2007 Ohio-3743, ¶ 13.
[5] We note that research indicates that the one leg stand is the most effective indicator of impairment associated with the consumption of marijuana. Stough at 79. *Page 1