RENDERED:  NOVEMBER 13, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0952-DG

REGAN LYONS                                    APPELLANT


                ON DISCRETIONARY REVIEW
            FROM CAMPBELL CIRCUIT COURT
v.            HONORABLE JULIE REINHARDT WARD, JUDGE
                ACTION NO. 19-XX-00001


COMMONWEALTH OF KENTUCKY                  APPELLEE


OPINION
VACATING IN PART AND AFFIRMING IN PART

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Regan Lyons appeals from an order of the Campbell Circuit Court which affirmed a finding of guilt by the Campbell District Court of driving under the influence ("DUI") and failing to produce an insurance card.  We believe that the trial court erred in designating a witness as an expert; therefore, we

vacate Appellant's DUI conviction. No argument was made regarding Appellant's insurance conviction; therefore, that conviction is affirmed.

## FACTS AND PROCEDURAL HISTORY

On August 13, 2018, Officer Joe Mangan was watching for traffic violations. Officer Mangan ran the license plate number of the vehicle being driven by Appellant and he received a notification to verify her insurance. Officer Mangan initiated a traffic stop. As he was speaking to Appellant, he noticed a smell of marijuana. Officer Josh Wilhoite arrived shortly thereafter. Appellant admitted to having smoked marijuana, but that it had been an hour or two ago. A search of the vehicle and Appellant's person found no marijuana. Appellant was arrested for driving under the influence of marijuana[1] and for failure to produce an insurance card.[2] Appellant was then transported to a local hospital for a blood test.

A bench trial was held in district court on January 14, 2019. The Commonwealth introduced testimony from the two police officers and Bailey Gill, a forensic chemist from the Kentucky State Police Central Laboratory. The officers testified about the facts surrounding Appellant's arrest. Ms. Gill was the forensic chemist who examined Appellant's blood and she testified about her results. She also testified generally about the effects of marijuana on a person.

---

[1] Kentucky Revised Statutes ("KRS") 189A.010(1)(c).

[2] KRS 304.39-117.

The district court found Appellant guilty of DUI and for failing to produce an insurance card. Appellant then appealed the DUI to the circuit court. That court affirmed and this Court granted discretionary review.

## ANALYSIS

Appellant's first argument on appeal is that Ms. Gill should not have been qualified as an expert for the purposes of testifying about the effects of marijuana on a person's ability to drive. Ms. Gill is a forensic chemist who is trained to perform extractions of drugs from blood and urine samples. She has a bachelor's degree in forensic chemistry and a master's degree in chemistry. It is undisputed she is an expert as it pertains to lab testing. Ms. Gill testified that Appellant's blood had 12 nanograms per milliliter, plus or minus 3 nanograms per milliliter, of Delta-9 THC.[3] The Commonwealth then intended Ms. Gill to discuss the effects THC can have on a person's ability to operate a motor vehicle. Defense counsel objected and argued Ms. Gill was not an expert on that issue.

The Commonwealth then offered to lay the foundation as to how Ms. Gill could be considered an expert. The Commonwealth introduced into evidence a position paper created by Ms. Gill's superiors at the Kentucky State Police

---

[3] Delta-9 THC (hereinafter referred to as "THC") is the active metabolite in marijuana and is what causes intoxication and impairment. Twelve ng/mL, plus or minus 3 ng/mL, also written as 12 ng/mL (+/- 3 ng/mL), indicates that after running tests on Appellant's blood multiple times, the results could vary from 9 ng/mL to 15 ng/mL, but that the average result was 12 ng/mL.

Forensic Laboratory which detailed how THC affects a person's ability to drive. The position paper essentially summarized and discussed multiple published works concerning cannabinoids and THC levels in the body. This document was created specifically for use by forensic lab witnesses at trials.

Over the strenuous objection of defense counsel, the court allowed Ms. Gill to testify about the position paper and to testify generally about THC and its effects on the human body. The court equated Ms. Gill's testimony regarding the position paper to that of a police officer testifying about the National Highway Traffic Safety Administration ("NHTSA") guidelines regarding intoxicated driving. Ms. Gill testified that some studies have shown that THC concentrations as low as 1 ng/mL can increase the likelihood of being involved in a car accident. She also testified that another study showed that levels of THC ranging from 2 ng/mL to 5 ng/mL are associated with substantial driving impairment. Ms. Gill also stated multiple times that the effects of THC on people depend a lot on the individual and that THC affects different people in different ways.

"Whether a witness properly qualifies as an expert is within the scope of the trial court's discretion. Accordingly, we review for an abuse of that discretion." *Luna v. Commonwealth*, 460 S.W.3d 851, 864 (Ky. 2015) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

-4-

*Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Kentucky Rules of Evidence ("KRE") 702 concerns expert testimony. KRE 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if:
>
> (1) The testimony is based upon sufficient facts or data;
>
> (2) The testimony is the product of reliable principles and methods; and
>
> (3) The witness has applied the principles and methods reliably to the facts of the case.

In addition and relevant to our analysis is KRE 803(18), which sets forth "[l]earned treatises" as an exception to the hearsay rules and states:

> To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits.

The trial court allowed Ms. Gill to testify as an expert regarding how THC affects a person because the position paper was part of her training at the Kentucky State Police laboratory and she only testified as to general scientific

-5-

knowledge.  We conclude that Ms. Gill should not have been classified as an expert regarding the effects of THC on a person's ability to drive because the position paper was not an authoritative study.  This was a summarization of other studies found in various scientific journals.  There was no testimony from Ms. Gill that she read the underlying studies to determine if they were as they purported to be in the position paper.  There was also no testimony regarding why these underlying studies were chosen to be included in the position paper and if others had been excluded.[4]

In addition, the position paper was not a published document that could be accessed by the public or reviewed by scientific peers.  This was simply an internal document used by the Kentucky State Police laboratory for use at trial.  We do not believe Ms. Gill's testimony regarding the position paper indicated it was based upon sufficient data or was the product of reliable methods.  There was also no testimony that she had extensively studied the effects of THC on a person or a person's ability to drive.  It appeared from the testimony that she only reviewed the position paper in order to be able to testify about it at trial.  This does not qualify one as an expert.[5]

---

[4] Appellant hypothesizes that some studies that went against the KSP theory that all marijuana use impairs driving could have been excluded from the position paper.

[5] We also note that the circuit court held that the position paper should not have been admitted into evidence as an exhibit because of KRE 803(18).  This holding by the circuit court was not

Seeing as Ms. Gill should not have been qualified as an expert on the effects of THC on a person's ability to drive and that the position paper should not have been admitted as an exhibit, there is no evidence to support Appellant's conviction. KRS 189A.010(1)(c) states that "[a] person shall not operate or be in physical control of a motor vehicle anywhere in this state . . . [w]hile under the influence of any other substance or combination of substances which impairs one's driving ability[.]" Appellant admitted to smoking marijuana the night she was arrested; therefore, the Commonwealth could prove she might have been under the influence of marijuana. Unfortunately for the Commonwealth, there was no evidence that her driving abilities were impaired.

In order to establish a violation of KRS 189A.010(1)(c), the Commonwealth does not need to prove that a driver was operating the vehicle in an unsafe manner, only that the driver was operating the vehicle while under the influence of marijuana to such a degree that his or her driving ability was impaired. *Kidd v. Commonwealth*, 146 S.W.3d 400, 403 (Ky. App. 2004). Here, the district court and circuit court both relied solely on the testimony of Ms. Gill to find that Appellant violated KRS 189A.010(1)(c). The testimony of the officers was deemed unreliable because it conflicted with statements written in official reports

___

appealed. We agree with the circuit court and reiterate that the paper should not have been admitted as an exhibit.

at the time of Appellant's arrest. In addition, there was no field sobriety test performed on Appellant. Finally, there was no evidence that Appellant was driving erratically or dangerously on the night she was arrested. Without Ms. Gill's expert testimony, there is no evidence to support Appellant's conviction.

Appellant raises other issues regarding her DUI conviction; however, since we are vacating that conviction, these other issues are moot.

## **CONCLUSION**

Based on the foregoing, we vacate Appellant's conviction for DUI and affirm her conviction for failure to produce an insurance card.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Travis Bewley
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas Edge
Special Assistant Attorney General
Newport, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Michelle Eviston
Special Assistant Attorney General
Newport, Kentucky