RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1162-MR

JAMES CLAYTON BAILEY                                             APPELLANT

v.
APPEAL FROM MARSHALL CIRCUIT COURT
HONORABLE JAMES T. JAMESON, JUDGE
ACTION NO. 17-CR-00181

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: James Clayton Bailey brings this appeal from a June 22,

2020, Order Subsequent to Bench Trial, setting out findings of fact and

conclusions of law, and a subsequent August 14, 2020, judgment, sentence, and

order of probation rendered by the Marshall Circuit Court. We affirm.

## Background

On July 2, 2017, Bailey was driving east on U.S. Highway 68 in Marshall County, Kentucky. Bailey was driving a pickup truck pulling a trailer loaded with a golf cart. Deputy Chris Greenfield, of the Marshall County Sheriff's Office, observed Bailey weaving in and out of his lane and initiated a traffic stop. Bailey denied having ingested any alcohol or medication that day. Rather, Bailey claimed his weaving was due to the trailer being improperly loaded. Deputy Greenfield indicated he did not detect any problem with the trailer. Deputy Greenfield did, however, notice that Bailey's speech was slurred, his eyes were bloodshot, and his pupils were dilated. Bailey also failed all three field sobriety tests administered by Deputy Greenfield. Bailey was arrested and subsequently agreed to submit to a blood test. Bailey was transported to the Marshall County Hospital where a blood test was administered. The laboratory report revealed that Bailey had the following medications in his blood: diazepam, trazodone, oxycodone, and hydrocodone. It is uncontroverted that Bailey had a valid prescription for each of the medications detected in his system.

Bailey was subsequently indicted upon driving a motor vehicle under the influence, fourth offense (DUI – Fourth) (Kentucky Revised Statutes (KRS) 189A.010) and possession of a controlled substance in the second degree (KRS 218A.1416). The matter proceeded to a bench trial on December 11, 2019. After

the Commonwealth presented its evidence, Bailey made a motion for a directed verdict. Bailey argued that the Commonwealth failed to present expert testimony regarding whether the prescription medications found in Bailey's blood impaired his ability to drive a motor vehicle. The trial court denied the motion. At the conclusion of the Commonwealth's proof, Bailey renewed his original motion for a directed verdict. Bailey additionally argued that he was entitled to a directed verdict of acquittal as the expert's testimony that Bailey was involuntarily intoxicated was unrebutted.

By Order Subsequent to Bench Trial entered June 22, 2020, the trial court concluded that the Commonwealth had presented sufficient evidence that Bailey had operated a motor vehicle while under the influence of a substance that impaired his ability to drive (KRS 189A.010(1)(c)). The trial court further believed that Bailey had not adequately proven the affirmative defense of involuntary intoxication. Therefore, the court found Bailey guilty of DUI-Fourth. The trial court further found Bailey not guilty of possession of a controlled substance. By a judgment entered August 14, 2020, Bailey was sentenced to a five-year term of imprisonment with a mandatory sentence of 120 days, to be

served by home incarceration, with the balance of the sentence probated for a period of three years.[1] This appeal follows.

## ISSUES

Bailey asserts the trial court committed reversible error by denying his motion for directed verdict and finding him guilty of DUI-Fourth, arguing there was insufficient evidence presented to establish the elements thereof. More specifically, Bailey believes that expert testimony was necessary to prove that the prescription medications present in Bailey's blood were the cause of his driving impairment.

Additionally, Bailey contends that the trial court erred by concluding that he failed to establish the affirmative defense of involuntary intoxication. More particularly, Bailey asserts that the Commonwealth failed to rebut the testimony of Bailey's expert, Dr. George Nichols, who testified that in his opinion Bailey was involuntarily intoxicated due to liver disease.

## STANDARD OF REVIEW

At trial, Bailey moved for a directed verdict at the close of the Commonwealth's proof. However a directed verdict motion is clearly improper in an action tried by the court without a jury. *Brown v. Shelton*, 156 S.W.3d 319, 320

---

[1] The form upon which the judgment was entered on August 14, 2020, was styled "Judgment and Sentence on Plea of Guilty." There was no guilty plea entered in the case and the form appears to have been utilized for sentencing purposes only.

(Ky. App. 2004). Rather the appropriate procedural mechanism was a motion to dismiss in accordance with Kentucky Rules of Civil Procedure (CR) 41.02(2).[2] *R.S. v. Commonwealth*, 423 S.W.3d 178, 184 (Ky. 2014).

Accordingly, since the trial court conducted a bench trial, the court should have treated Bailey's motion as a motion to dismiss under CR 41.02(2) which reads:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. . . .

Under this rule, "[t]he trial court 'must weigh and evaluate the evidence' rather than, with regard to directed verdict, 'indulge every inference in the [Commonwealth's] favor.'" *R.S.*, 423 S.W.3d at 184 (citations omitted). A trial court's ruling under CR 41.02(2) is reviewed for an abuse of discretion. *Id.* at 184 (citing *Jaroszewski v. Flege*, 297 S.W.3d 24, 31 (Ky. 2009)). The test for abuse of discretion is whether the trial judge's decision was arbitrary,

---

[2] The Kentucky Rules of Civil Procedure are applicable to criminal cases as provided in Kentucky Rules of Criminal Procedure 13.04.

unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Finally, if the trial court rules on the merits in favor of defendant, factual findings must be made on the record pursuant to CR 52.01. *R.S.*, 423 S.W.3d at 184. These findings will not then be set aside unless clearly erroneous. *Id.* at 188. As fact finder, the trial court alone assesses the credibility of witnesses and the weight of the evidence presented. *Id.* at 187; *see also Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

Analysis

We begin our analysis by reviewing the elements necessary to prove Bailey was operating a motor vehicle while under the influence of a substance that impaired his ability to drive. Those elements are set forth in KRS 189A.010(1)(c), which provides:

> (1) A person shall not operate or be in physical control of a motor vehicle anywhere in this state:
>
> . . . .
>
> (c) While under the influence of any other substance or combination of substances which impairs one's driving ability[.]

Simply put, to establish a violation of KRS 189A.010(1)(c), the Commonwealth must prove that a defendant was operating a motor vehicle while under the influence of a substance that impaired his ability to do so. *Kidd v.*

*Commonwealth*, 146 S.W.3d 400, 403 (Ky. App. 2004). And, it is well-established that where a police officer "has observed a defendant's appearance and behavior [the officer] is competent to express an opinion as to his degree of intoxication and as to his ability to operate a motor vehicle safely." *Id.* at 403 (citing *Hayden v. Commonwealth*, 766 S.W.2d 956, 957 (Ky. App. 1989)).

In the case *sub judice*, the Commonwealth called Deputy Greenfield to testify regarding his observations of Bailey. Deputy Greenfield testified that he first observed Bailey's vehicle swerving in and out of his lane of traffic. Upon contact with Bailey, Greenfield noticed that Bailey's speech was slurred, his eyes were bloodshot, and his pupils were dilated. These factors, when combined with Bailey's inability to perform the basic physical tasks of the three field sobriety tests, were sufficient to establish that Bailey was under the influence of a substance that impaired his ability to drive a motor vehicle. *See Kidd*, 146 S.W.3d at 403. As such, we reject Bailey's contention that the lack of expert testimony prevented the Commonwealth from proving that Bailey was guilty of driving under the influence of a substance that impaired his driving. Rather, the Commonwealth's evidence, through Greenfield's testimony, was more than sufficient to establish Bailey's impairment beyond a reasonable doubt.

As concerns Bailey's argument of involuntary intoxication, we note as a general rule, intoxication does not constitute a defense to a criminal charge;

however, there are a few exceptions. *See King v. Commonwealth*, 513 S.W.3d 919, 923 (Ky. 2017). Relevant herein, is the exception set forth in KRS 501.080(2), which provides that involuntary intoxication is a defense to a criminal charge only if such condition "[i]s not voluntarily produced and deprives the defendant of substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law." KRS 501.080(2). In other words, as noted in the Commentary to KRS 501.080, involuntary intoxication can excuse criminal conduct only if it would be excused under the insanity provisions as resulting from a mental disease or defect.

In the case *sub judice*, Dr. Nichols testified that Bailey had liver disease caused by liver cancer and chronic Hepatitis C. Dr. Nichols also stated that Bailey's liver disease caused an increase in the ammonia levels in Bailey's system. And, Dr. Nichols further testified that the increased ammonia levels affected the way Bailey metabolized his medications. According to Dr. Nichols, the inability of Bailey's liver to properly metabolize his prescription medications led to Bailey's involuntary intoxication or impairment on July 2, 2017. However, Dr. Nichols also conceded that the prescription medications in Bailey's blood could have been the sole cause of the impairment Deputy Greenfield observed. Considering such testimony, we believe there was substantial evidence presented to support the trial

court's finding that Bailey was not involuntarily intoxicated and based on our review of the record and applicable law, these findings were not clearly erroneous.

In conclusion, the trial court did not abuse its discretion in denying Bailey's motion for directed verdict nor did the trial court err in finding that Bailey was not involuntarily intoxicated.

For the foregoing reasons, the Order Subsequent to Bench Trial and judgment entered by the Marshall Circuit Court are affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Richard L. Walter
Jeremy Ian Smith
Paducah, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky