**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000079
17-JUL-2025
07:52 AM
Dkt. 60 SO

NO. CAAP-23-0000079

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARVIN L. THEDFORD, Petitioner-Appellant, v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAIʻI,
Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-22-00009)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Petitioner-Appellant Marvin L. Thedford (**Thedford**)

appeals from the February 3, 2023 Judgment On Appeal (**Judgment**)

entered by the District Court of the First Circuit, Honolulu

Division (**District Court**),[1] in favor of Respondent-Appellee

Administrative Director of the Courts, State of Hawaiʻi (**Hearing

Officer**).  The Judgment was entered on the District Court's

February 3, 2023 Decision and Order Sustaining Administrative

Revocation (**Order Affirming Revocation**), which affirmed the

Hearing Officer's decision to administratively revoke Thedford's

driver's license for two years (**Administrative Decision**).

Thedford raises two points of error on appeal,

contending that the District Court erred when it:  (1) entered

Conclusions of Law (**COLs**) 1-5 because it did not provide

---

[1]     The Honorable Timothy E. Ho presided.

sufficient basis for its rulings and all of the COLs are wrong for the reasons stated in Thedford's petition for judicial review; and (2) found probable cause existed to arrest Thedford for any manner of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) and that there was a preponderance of evidence to believe Thedford was OVUII by reason of marijuana consumption.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Thedford's points of error as follows:

(1)  Thedford argues that the District Court erred by not making independent findings of fact or providing more analysis for its COLs.

We conclude, however, that the District Court properly reviewed the Administrative Decision in accordance with the requirements of Hawaii Revised Statutes (**HRS**) § 291E-40 (2020), which provides in relevant part:

> **§ 291E-40  Judicial review; procedure.**  (a) If the director sustains the administrative revocation after an administrative hearing, the respondent, or parent or guardian of a respondent under the age of eighteen, may file a petition for judicial review within thirty days after the administrative hearing decision is mailed. . . .
>
> . . . .
>
> (c)  The sole issues before the court shall be whether the director:
>
> (1)  Exceeded constitutional or statutory authority;
>
> (2)  Erroneously interpreted the law;
>
> (3)  Acted in an arbitrary or capricious manner;
>
> (4)  Committed an abuse of discretion; or
>
> (5)  Made a determination that was unsupported by the evidence in the record.

The statute does not require – or permit – a *de novo* review of the Hearing Officer's factual assessment of the sworn statement of the witnesses and other evidence in the record before the Hearing Officer.  Nor does the statute require or permit the District Court to enter its own findings based on the evidence before the Hearing Officer.  Thedford cites no legal authority that supports this point of error[2] and we conclude that it is without merit.

(2)  Thedford argues that probable cause did not attach to arrest him for some violation of OVUII.  Thedford argues that he "exhibited no 'bad' driving nor any driving reasonably or logically associated with 'impaired' driving at all . . . [and that] [i]n fact, the sole basis for the stop was that the officer noticed that Thedford's safety check had expired."  Thedford then offers multiple lines of attack against standardized field sobriety tests (**SFSTs**) generally, arguing, *inter alia*, that the studies underpinning SFSTs only demonstrate reliable indicators of alcohol impairment, but that they do not prove that SFSTs can validly demonstrate reliable indicators of any other kind of impairment, most especially marijuana impairment.  In other words, Thedford contends that the evidence before the Hearing Officer was insufficient to show impairment by marijuana, as opposed to alcohol, and Thedford did not have alcohol in his system.  This argument is without merit.

---

[2]    The unpublished decision relied on by Thedford did not involve a review of an administrative revocation proceeding and is inapposite.  Cf. State v. Manzano-Hill, No. 29063, 2010 WL 359901 (Haw. App. Jan. 27, 2010) (mem. op.) (an appeal from a suppression order entered by a district court in a criminal proceeding stemming from a charge of Promoting a Detrimental Drug in the Third Degree).

"Probable cause exists when the arresting officer has reasonable grounds to believe, from facts and circumstances personally known to the officer, or of which the officer has trustworthy information, that the person arrested has committed or is committing an offense." State v. Won, 137 Hawaiʻi 330, 347, 372 P.3d 1065, 1082 (2015) (citation omitted). Probable cause requires more than a mere suspicion, but less than a certainty, and it is determined by a "reasonable man" (or objective) standard, rather than the subjective opinions of an officer. State v. Detroy, 102 Hawaiʻi 13, 18, 72 P.3d 485, 490 (2003); State v. Delmondo, 54 Haw. 552, 553-54, 512 P.2d 551, 552 (1973). Finally, "'probable cause is generally based upon a combination of factors, which together form a sort of mosaic, of which any one piece by itself often might not be enough to constitute probable cause, but which, when viewed as a whole, does constitute probable cause.'" State v. Ferrer, 95 Hawaiʻi 409, 430-31, 23 P.3d 744, 765-66 (App. 2001).

Here, the SFST was merely one piece in the mosaic constituting probable cause to arrest Thedford for OVUII. First, the Hearing Officer received into evidence and made a part of the record sworn statements of several Honolulu Police Department (**HPD**) Officers, including HPD Officer Jeffrey Fleigner (**Officer Fleigner**), HPD Officer Bobby Ilae (**Officer Ilae**), and HPD Officer Alena Armstrong (**Officer Armstrong**). Officer Fleigner, who conducted the stop, observed Thedford to have glassy eyes, and while speaking with Thedford, smelled a strong odor of burnt marijuana, which led Officer Fleigner to inform the other officers that he suspected that Thedford was under the influence

of an intoxicant. Officer Ilae averred that he detected a strong odor of burnt marijuana emanating from within Thedford's vehicle. Officer Ilae also stated that Thedford's breath smelled of burnt marijuana, even from a distance of approximately one foot away, and that his eyes were red, watery, and bloodshot. He also noted that Thedford exhibited a noticeable circular sway. Officer Armstrong also stated in her sworn statement that she detected an odor of burnt marijuana in the police vehicle while Thedford was present in it. The foregoing evidence, along with the HPD officer's observation of Thedford's physical performance on the SFST, tended to show, in the eyes of an objectively reasonable person, reasonable grounds to believe that Thedford was under the influence of an intoxicant, *i.e.*, marijuana.

The Hearing Officer correctly stated that this court has held that a defendant's performance on field sobriety tests may be used to demonstrate that there is sufficient evidence to convict a defendant of OVUII due to a drug, pursuant to State v. Coffee, 104 Hawaiʻi 193, 195-96, 200, 86 P.3d 1002, 1004-05, 1009 (App. 2004). As the Hearing Officer also noted:

> Other jurisdictions have reached similar results. See Kidd v. Commonwealth, 146 S.W.3d 400, 403 (Ky. Ct. App. 2004) (determining that commonwealth did not have to prove that defendant was driving erratically in order to provide sufficient evidence to satisfy the elements of the DUI statute regarding marijuana, when additional evidence including failing the field sobriety test "establish[ed] that [defendant's] *ability* to drive was impaired-despite the absence of erratic driving."). See also Weil v. State, 936 So.2d 400, 403-04 (Miss. Ct. App. 2006) (determining that there was sufficient evidence to support the conclusion that defendant, pulled over at an ID checkpoint, had been driving under the influence of marijuana by exhibiting poor balance, admitted to smoking marijuana, and other factors). See also State v. Dixon II, 2007-Ohio-5189, 2007 WL 2821708 at *2 (Ohio Ct. App. 2007)(stating that while nystagmus in a horizontal gaze nystagmus exam would not be present after consuming marijuana, other field sobriety tests are known to be affected by marijuana consumption (citing to National Highway Traffic Safety Administration, Drugs and Human Performance Fact Sheets 11 (2004)).

Thedford cites Commonwealth v. Gerhardt, in which the Supreme Judicial Court of Massachusetts noted that there is "ongoing disagreement among scientists . . . as to whether the [SFSTs] are indicative of marijuana impairment" and that the studies on whether a person's performance on SFSTs is a reliable indicator of impairment by marijuana have produced "mixed results." 477 Mass. 775, 781, 81 N.E.3d 751, 757 (2017). The Massachusetts court nevertheless concluded that "[t]he lack of scientific consensus regarding the use of [SFSTs] in attempting to evaluate marijuana intoxication does not mean, however, that [SFSTs] have no probative value beyond alcohol intoxication." Id. at 776, 81 N.E.3d at 754. The court further concluded that "to the extent that [SFSTs] are relevant to establish a driver's balance, coordination, mental acuity, and other skills required to safely operate a motor vehicle, [SFSTs] are admissible at trial as observations of the police officer conducting the assessment." Id. With respect to whether observation of a driver's performance on an SFST has probative value, we agree with the Massachusetts court. While there may be a lack of consensus regarding the efficacy of SFSTs in producing reliable indicators of marijuana, or other drug, impairment, we cannot conclude that a license revocation decision based in part upon observations of a defendant's physical performance on an SFST is clearly erroneous because the defendant was impaired by marijuana, rather than alcohol.

The sworn statements concerning the HPD officer's observations of Thedford's performance on the SFST provides relevant and probative evidence regarding Thedford's balance,

coordination, mental acuity, and other skills required to safely operate a vehicle.  Here, Officer Ilae averred that Thedford could not keep his balance during the instructional stage of the SFST, that Thedford stopped walking and stepped off the line multiple times, that he failed to correctly execute the turn as instructed, and that he swayed and used his arms for balance, hopped, and put his foot down during the one leg stand.  Officer Ilae also reported that during other portions of the SFST, Thedford displayed a lack of eye convergence, as well as a presence of eyelid and body tremors and some swaying.  The Hearing Officer found that the SFST performance was offered properly into the record and that the officer's observations indicated that Thedford was impaired; the District Court found that the Hearing Officer did not make a determination that was unsupported by the evidence in the record.  We conclude that the District Court did not err in doing so.

The District Court was not wrong in determinating that the Administrative Decision concluding that Thedford was impaired and thus OVUII based on the totality of the circumstances, including his SFST performance, was made based on sufficient evidence in the record.

Accordingly, the District Court's February 3, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, July 17, 2025.

On the briefs:

Kevin O'Grady,
(Law Office of Kevin O'Grady),
for Petitioner-Appellant.

Christopher J.I. Leong,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge